UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATASHA DODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COUNTY COMMISSIONERS OF MAYES | ) Case No. 18-CV-221-TCK-FHM |
| COUNTY; MAYES COUNTY SHERIFF | ) |
| MIKE REED, officially and individually; | ) |
| MAYES COUNTY UNDER SHERIFF GARY | ) |
| SHRUM, officially and individually; KYLE | ) |
| MURRY, officially and individually; | ) |
| JENNIFER EASTWOOD, individually; | ) |
| DEREK DAVIS, individually,[1] and JOHN | ) |
| DOES NOS. 1-8, individually, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court are the Motion to Dismiss filed by Defendants Mayes County Sheriff Mike Reed, Mayes County Under Sheriff Gary Shrum, Mayes County Jail Administrator Kyle Murry, and Sheriff's Deputy Jennifer Eastwood (Doc. 15); and the Motion to Dismiss filed by the County Commissioners of Mayes County (Doc. 16). Plaintiff opposes both motions. (Docs. 22, 23).

**I. Introduction**

This lawsuit arises from a February 26, 2014 incident at the Mayes County, Oklahoma Sheriff Department, during which, a Mayes County Deputy shot Plaintiff in the eye with a pepper

---

[1] Derek Davis has not been served in this action.

ball and strip-searched her. Pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments, Plaintiff asserts federal claims of unconstitutional use of excessive force against Sheriff Reed, Under Sheriff Gary Shrum, and Jail Administrator Kyle Murray, and Deputies Jennifer Eastwood, Derek Davis and John Does nos. 1-8[2]; and *respondeat superior* liability against Reed, Shrum, Murry and John Does Nos. 1-8. She asserts claims for *respondeat superior* liability against the County Commissioners.

Sheriff Reed, officially and individually, Under Sheriff Shrum, officially and individually, Jail Administrator Murry, officially and individually, and Deputy Eastwood, individually, filed a Motion to Dismiss pursuant to Fed. Rule Civ. P. 12(b)(6), as did the Mayes County Commissioners (Docs. 15-16).

**II. Applicable Law**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its fact," and the factual allegations "must be enough to raise a right to relief above the speculative

---

[2] The Court notes that Plaintiff sued Sheriff Reed, Under Sheriff Shrum, and Jail Administrator Murry in both their official and individual capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Official capacity suits can only be brought against officials with final policymaking authority. *See Dungee v. Bd. Of Cty. Comm'rs of Cty. of Oklahoma*, 2014 WL 1878762, at *3 (W.D. Okla. May 12, 2014) (unpublished). Under Oklahoma law, a county sheriff is the final policymaker with regard to the county's jail. 19 O.S. §513. Plaintiff has correctly sued the Sheriff in his official capacity. Her claims against Shrum and Murry in their "official capacity" are improper and duplicative.

2

level." *Id.* (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 562.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). For the purpose of making the dismissal determination, a court must accept as true all the well-pleaded allegations, even if doubtful in fact, and must construct the allegations in the light most favorable to the claimant. *Id.* at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 120, 1215 (10th Cir. 2007); *Moffett v. Haliburton energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002).

### III. Allegations of the Complaint

Plaintiff alleges that on February 26, 2014, she was involved in a single vehicle accident on State Highway 82 near Strang Road. Complaint at p. 2. The Oklahoma Highway Patrol trooper investigating the accident noticed she had an odor of alcohol and slurred speech, and Plaintiff admitted to consuming alcohol prior to the accident. *Id.* An ambulance arrived and Plaintiff was examined. *Id.* at 3. Upon information and belief, the trooper patted her down and did not find any weapons or contraband on her body. *Id.* He arrested her for driving under the influence, took her into custody and transported her to the Mayes County Sheriff Department. *Id.* Plaintiff did not resist arrest and cooperated with the trooper. *Id.* Upon information and belief, Defendants Mike Reed, Gary Shrum, Kyle Murry, Derek Davis and John Does Nos. 1-8 were present and failed to intervene to prevent the use of excessive force and unreasonable actions taken against Plaintiff which resulted in violation of her Fourth and Fourteenth Amendment rights. *Id.* at 11.

The trooper escorted Plaintiff to the booking area, where there were a number of sheriff deputies, including Derek Davis and Jennifer Eastwood. *Id.* Upon information and belief, Plaintiff was frisked and no weapons or contraband were found on her body. *Id.* at 3.

Plaintiff requested a phone call and to use the restroom, but was told she needed to wait. *Id.* She was placed in a detox cell and, at Eastwood's request, removed the jewelry she was wearing and gave it to Eastwood. Eastwood then escorted Plaintiff to a small room and asked her to remove her clothing so she could perform a strip search. *Id.* Plaintiff became upset and began crying, and asked Eastwood if she could use the restroom because she was menstruating; however, she was not combative. *Id.* Eastwood continued to demand that Plaintiff remove her clothing. *Id.* Eastwood became aggressive and told Plaintiff if she did not remove her clothing she would shoot her. *Id.* Eastwood pulled a gun from her holster, held it approximately twelve inches from Plaintiff's face, and told her she would ask three times, and if Plaintiff did not comply, she would shoot her. *Id.* at 4. Upon information and belief, Deputy Davis heard Eastwood tell Plaintiff that she would be shot if she didn't remove her clothing. *Id.* Eastwood asked one more time, then pulled the trigger of the gun, but the gun didn't fire. *Id.*

Upon information and belief, Eastwood called out to Davis to bring her another cartridge for her gun, which he did. *Id.* After receiving the cartridge, Eastwood loaded her gun and shot Plaintiff in the eye with a pepper ball. *Id.* The force of the shot knocked Plaintiff to the ground and, upon information and belief, caused her to become unconscious. *Id.* Upon information and belief, while Plaintiff was unconscious, Eastwood removed all of Plaintiff's clothing and performed a strip search. *Id.* When Plaintiff became conscious, she was lying on the floor of the room naked, being sprayed with water by Eastwood. *Id.* Plaintiff was bloody and was in severe pain. *Id.* Plaintiff was dressed in an inmate uniform and escorted to a detox jail cell, where she

remained until the next morning. *Id.* The next morning, she was escorted to a different cell, where she stayed for a few hours, and was then taken to an office where a nurse asked her if she could see. *Id.* Plaintiff said "no" and the nurse responded that she could tell that Plaintiff's eye was dilated. *Id.* at 4-5. Plaintiff was taken back to her cell and given an ice pack for her eye. *Id.* at 5. She remained in the cell until she saw a judge in the afternoon, posted bail and was released. *Id.* Plaintiff was not given any treatment for her injuries while she was in custody. *Id.* She was released from custody on or about February 27, 2014, at 2:24 p.m.. *Id.*

When Plaintiff was taken into the care and custody of the County and Sheriff Department a special relationship was created whereby an affirmative duty existed to ensure the protection, safety and well-being of Plaintiff during the time Dodson was taken into custody and extended through the entire time until she was released. *Id.* at 10. No reasonable suspicion existed to support the suspicion that Plaintiff possessed any type of contraband or drugs on her body, but despite this, Eastwood strip searched Plaintiff. *Id.* Eastwood's act of strip searching Plaintiff was an exaggerated response to any legitimate security interest and was an unreasonable invasion into the Plaintiff's personal rights. *Id.* Eastwood's use of an inflammatory agent to Plaintiff's eyes was unreasonably excessive and exceeded the amount and type of force necessary to meet he need presented. *Id*. It was excessive because it was not committed in self-defense, in defense of the general public, staff or inmates. *Id.* She was not attempting to prevent a disturbance within the jail or to ensure the security or safety of others. *Id.* Eastwood's use of an inflammatory agent was excessive as she inflicted severe and permanent injury to Plaintiff. *Id. at 11.*

Upon information and belief, Defendants Reed, Shrum, Murry, Davis and John Does Nos. 1-8 were present at the time of Eastwood's actions and failed to intervene to prevent the use of excessive force and unreasonable actions taken against Plaintiff. *Id.* Defendant Davis, at

Eastwood's request, brought her an additional cartridge to assist her and with full knowledge that Eastwood would shoot Plaintiff with an inflammatory agent. *Id.* At no time did Davis intervene to prevent the use of excessive force against Plaintiff; instead, he participated in the use of excessive force, which resulted in a violation of her right pursuant to U.S. Const. amend. IV and XIV. *Id.*

Defendants Reed, Shrum, Murry, Eastwood, Davis and John Does Nos. 1-8 were aware of her injuries but failed to provide Plaintiff with the necessary and proper medical treatment, in violation of her rights under the Fourth and Fourteenth Amendments. *Id.* They failed to ensure Plaintiff's reasonable care and safety while in custody, were deliberately indifferent to her needs, and suspected or knew that her placement in custody was dangerous in violation of her rights under the Fourth and Fourteenth Amendments. *Id.* at 10-11.

Deputy Eastwood's use of the pepper gun and strip search was excessive and unreasonable, given the circumstances, and it violated the Sherriff's policies and the pepper gun manufacturer user/training manual. *Id.*

Plaintiff contends the frisk search violated Mayes County's Frisk Search Policy and Procedures and its Use of Force/Deadly Force Policy and Procedures. *Id.* at 5-9. She asserts the following claims:

- **First Cause of Action:** Federal claim against Defendants Reed, Shrum, Murry, Eastwood, Davis and John Does 1-8 for violation of 42 U.S.C. § 1983 and U.S. Constitutional Amendments IV and XIV;

- **Second Cause of Action:** State claim against Defendants Reed, Shrum, Murry, Eastwood, Davis and John Does 1-8 for negligence and assault and battery;

- **Third Cause of Action:** Federal supervisory claim against Shrum, Murry and John Does 1-8 for the federal law claims;

6

- **Fourth Cause of Action:** State claim against Mayes County and the Sheriff Department pursuant to the OGTCA/negligence/*respondeat superior* for the actions of Reed, Shrum, Murry, Eastwood, Davis and John Does 1-8;

- **Fifth Cause of Action:** State claim against Mayes County and the Sheriff Department pursuant to Okla. Const. Art. 2, §30 *respondeat superior* for the actions of Reed, Shrum, Murry, Eastwood, Davis and John Does 1-8.

IV. Analysis

### A. First Cause of Action: Section 1983 Claim for Excessive Force and Failure to Intervene (Eastwood, Reed, Shrum, and Murry)

Plaintiff's first cause of action alleges claims of use of excessive force against Deputy Eastwood and failure to intervene against Sheriff Reed, Under Sheriff Shrum and Jail Administrator Murry. The Sheriff, Under Sheriff and Jail Administrator contend the Complaint fails to state a cognizable Section 1983 claim against them because it makes only general allegations.

"Tenth Circuit precedent clearly establishes . . . that a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983." *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996) (citing *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984). The Complaint extensively describes the alleged use of excessive force by Eastwood and specifically alleges that Defendants Reed, Shrum and Murry were present at the time of Eastwood's actions and failed to intervene to prevent the use of excessive force against Plaintiff, failed to provide her with necessary and proper medical treatment, and failed to ensure her reasonable care and safety while in custody. Doc. 2, ¶¶40, 53-56. These allegations, taken as true, adequately state a claim for failure to intervene. Therefore, the Motion to Dismiss the First Cause of Action against defendants Reed, Shrum, and Murry is denied.

### B. Second Cause of Action: State Law Claims for Negligence and Assault and Battery (Reed, Shrum, Murry, Eastwood, and John Does Nos. 1-8)

Defendants Reed, Shrum and Murry also contend that Plaintiff's Second Cause of Action against them for negligence and assault and battery must be dismissed. Plaintiff has alleged no facts supporting her claim of assault and battery against Reed, Shrum or Murray. Therefore, to the extent the Complaint alleges assault and battery against these three Defendants, it must be dismissed.[3]

The OGTCA adopts the doctrine of sovereign immunity for the state, its political subdivisions and all of their employees acting within the scope of their employment. 51 O.S. § 152.1(A). The act contains a limited waiver of sovereign immunity against such claims, but "only to the extent and in the manner provided in the OGTCA." *Id.*, §152.1(B). It specifically provides, in pertinent part, that "the state or a political subdivision shall not be liable if a loss or claim results from . . . [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility. . ." The Oklahoma Supreme Court has held that "[t]he exemption from tort liability as provided in Section 155(2[5])[4] is all inclusive for tort claims." *Gibson v. Copeland*, 13 P.3d 989, 992 (Okla. 2000) (citation omitted).

With respect to her alternative claim of negligence, the Oklahoma Governmental Tort Act ("OGTCA"), is the exclusive remedy by which an injured plaintiff may recover against a government entity for torts committed by a governmental entity or its employees while acting within the scope of their employment. 51 O.S. §§153(B); *Fuller v. Odom*, 741 P.2d 449, 451-53 (Okla. 1987). The Complaint does not allege that Defendants Reed, Shrum, Murry, or Eastwood

---

[3] Defendant Eastwood has not moved for dismissal of the assault and battery claim against her.
[4] In 2013, the provision, which was previously numbered 51 O.S. §155(24), was renumbered 51 O.S. § 155(25). *See* 2013 Okla. Sess. Law Serv. Ch. 15 (S.B. 977).

were acting outside the scope of their employment. To the contrary, in her Fourth Cause of Action, Plaintiff specifically alleges that Reed, Shrum and Eastwood "were acting *within* the scope of their employment." Doc. 2, ¶78.

Accordingly, under the OGTCA, the only proper governmental party to plaintiff's purported claim of negligence is Mayes County. *Id.* Therefore, Plaintiff's negligence claim against Reed, Shrum, Murry and Eastwood must be dismissed.

### C. Third Cause of Action: Supervisor Liability, Section 1983 and U.S. Const. Amend. IV and XIV (Reed, Shrum, Murry and John Does Nos. 1-8)

Plaintiff's Third Cause of Action alleges that Defendants Reed, Shrum, Murry and John Does Nos. 1-8 held supervisory positions within the County and Sheriff Department; were directly involved in the creation and implementation of policies, oversight and training of Sheriff Department employees; and were directly involved in Plaintiff being taken into custody and care. She contends these defendants failed to adopt and implement policies, customs, training, and/or practices designed to prevent Sheriff and County employees for using or allowing brutality, excessive force, unreasonable force and unwarranted force, and as a result, she endured physical torture, abuse, pain, suffering, mental pain and anguish. Doc. 2 at 15-16.

Section 1983 does not authorize liability under a theory of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). However the theory of supervisory liability "allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy the enforcement . . . of which subjects or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

To state a claim for §1983 supervisory liability, a plaintiff must allege (1) the defendant promulgated, created, implemented or possessed responsibility for the continuing operation of a

policy that (2) caused the constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* As with any claim of individual liability under §1983, "the need for individualized allegations is especially important where "each of the defendants had different powers and duties." *Brown*, 662 F.3d at 1165. Further, "it is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacity . . . that the complaint make clear exactly who is alleged to have done what to whom . . . as distinguished from collective allegations." *Id.* (citing *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).

Plaintiff's Complaint lumps defendants Reed, Shrum, Murray and eight unidentified "John Does" together without identifying the specific actions each defendant took or failed to take during the incident giving rise to this action. As a result, it must be dismissed for failure to adequately allege a claim for supervisory liability.

### D. Fourth Cause of Action: OGTCA Liability Based on Negligence of Deputy (County and Sheriff Department)

The Fourth Cause of Action alleges a state law claim for *respondeat superior* liability against the Mayes County Sheriff Department and Mayes County based on the alleged negligence of Murray, Eastwood and Davis. In their Motions to Dismiss, Sheriff Reed, Under Sheriff Shrum, and the County Commissioners contend the claim is barred by the ("OGTCA").

Plaintiff argues that it is unsettled whether her injuries resulted from the "provision, equipping, operation or maintenance" of the jail, because was unclear at the time the Complaint was filed whether she had been formally booked into the Mayes County Jail when she was shot with the pepper ball gun. Doc. 23 at 3. However, the Complaint expressly alleges that Plaintiff was in a detox cell at the Mayes County Jail, and was then escorted to a small room for a strip

search, where she was shot with the pepper ball gun. Thus, her claim is based, at a minimum, on the "operation" of the jail. Doc. 2 at 3-4.

Accordingly, Plaintiff's negligence claim against the Commission and Sheriff Department is barred by the GTCA, and is subject to dismissal.

### E. Fifth Cause of Action: Okla. Const. Art. 2, §30 *Respondeat Superior* Via Mike Reed, Gary Shrum, Kyle Murry, Jennifer Eastwood, Derek Davis and John Does Nos. 1-8 (County and Sheriff Department)

In her Fifth Cause of Action, Plaintiff asserts a state law *respondeat superior* claim against the Mayes County Sheriff Department and Mayes County for the alleged violation of her right against use of excessive force, failure to intervene in the use of excessive force and "failure to take reasonable measures for [plaintiff's] safety and well-being while in custody." Doc. 2 at 19. The Sheriff, Under Sheriff and County Commissioners contend that the Fifth Cause of Action must be dismissed to the extent it alleges any claims other than use of excessive force, because Oklahoma law imposes *respondeat superior* liability only for the tort of excessive force.

Citing Article 2, § 30 of the Oklahoma Constitution, the Oklahoma Supreme Court has recognized that municipal corporations can be held liable on the basis of *respondeat superior* for their employees' use of excessive force when those employees are acting within the scope of their employment. *Bosh v. Cherokee Building Authority*, 305 P.3d 994, 1001, 1004 (Okla. 2013). However, in *Perry v. City of Norman*, 341 P.3d 689, 692-93 (Okla. 2014), the court clarified that the ruling in *Bosh* is applicable only if a plaintiff cannot bring a claim under the OGTCA. If relief under the OGTCA is available, the plaintiff's remedy "belongs exclusively within the confines of the OGTCA and a jury's determination concerning whether the police officers were acting within the scope of their employment under the OGTCA." *Id.*

11

After *Perry*—and in the absence of direct guidance from the Oklahoma Supreme Court—federal courts have uniformly declined to extend *Bosh* to any constitutional claims other than use of excessive force within a detention center. *See Snow v. Board of County Commissioners of the County of McClain*, Civ-14-911-HE, 2014 WL 7335319, at *3 (W.D. Okla. Dec. 19, 2014) (declining to expand *Bosh* to claims of due process rights violations, cruel and unusual punishment and prohibition of unreasonable searches and seizures); *Payne v. Oklahoma*, CIV-15-10-JHP, 2015 WL 5518879, at **3-4 (E.D. Okla. Sept. 17, 2015 (refusing to expand *Bosh* to claims of due process rights violations, cruel and unusual punishment, and unreasonable search and seizure claims where plaintiff was held in jail for three months beyond his release date).

In this case, Plaintiff's *Bosh* claim is based not only on alleged excessive force, but also on an alleged failure to intervene and a general breach of a duty to take reasonable measures to protect Plaintiff's safety. However, she cites no controlling authority supporting expansion of *Bosh* to any claims other than the excessive force claim.[5] Accordingly, Plaintiff's Fifth Cause of Action for *respondeat superior* liability must be dismissed to the extent it is based upon failure to intervene and/or breach of duty to take reasonable measures to protect Plaintiff's safety. It survives with respect to the excessive force claim.

---

[5] In support of her argument that *Bosh* should be expanded to her constitutional claims, Plaintiff cites two Oklahoma Court of Civil Appeals decisions. *See GJA v. Okla. Dep't of Human Servs.*, 347 P.23d 310, 316 (Okla. Civ. App. 2015) (holding that *Bosh* is not limited to its facts and specific holding, but upholding trial court's dismissal of Plaintiff's petition based on failure to allege facts giving rise to violations of constitutional rights to due process of law); *Deal v. Brooks*, 389 P.2d 375, 384 (Okla. Civ. App. 2016) (holding that the OGTCA does not immunize the state Department of Human services from liability "for certain reckless and deliberate acts that deprive *a child* of due process rights while in state custody) (emphasis in original).

## V. Conclusion

The Motion to Dismiss filed by Defendants Mayes County Sheriff Mike Reed, Mayes County Undersheriff Gary Shrum, Mayes County Jail Administrator Kyle Murry, and Sheriff's Deputy Jennifer Eastwood (Doc. 15) is granted in part and denied in part as follows:

- The motion is granted with respect to claims against Defendants Shrum and Murray in their "official" capacity.

- The motion is denied with respect to the First Cause of Action against Defendants Reed, Shrum and Murry.

- The motion is granted with respect to the Second Cause of Action against Defendants Reed, Shrum, Murry and Eastwood.

- The motion is granted with respect to the Third Cause of Action against Defendants Reed, Shrum and Murry.

- The motion is granted with respect to the Fourth Cause of Action against the Sheriff Department.

- The motion is granted with respect to the Fifth Cause of Action against the Sheriff Department.

The Motion to Dismiss filed by the Commissioners of Mayes County (Doc.16) is granted. Plaintiff's Fourth Cause of Action is dismissed and the Fifth Cause of Action is dismissed to the extent that it is premised on any claim other than excessive force.

ENTERED this 8th day of May, 2019.

_/s/ Terence C. Kern_
TERENCE C. KERN
United States District Judge