UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATASHA DODSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| COUNTY COMMISSIONERS OF MAYES COUNTY; MAYES COUNTY SHERIFF MIKE REED, officially and individually; MAYES COUNTY UNDER SHERIFF GARY SHRUM, officially and individually; KYLE MURRY, officially and individually; JENNIFER EASTWOOD, individually; DEREK DAVIS, individually, and JOHN DOES NOS. 1-8, individually, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 18-CV-221-TCK-FHM

## **OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Default Judgment. Doc. 50. In that motion, Plaintiff Natasha Dodson asserts that she is entitled to default judgment against Mayes County Sheriff Mike Reed, in his official capacity, because he has failed to file an answer to her Complaint. *Id.* Sheriff Reed, in response, argues that after entry of the Court's May 8, 2019, Opinion and Order granting in part Sheriff Reed's Motion to Dismiss (Doc. 47), Plaintiff's subsequent dismissal of all claims against him in his individual capacity (Doc. 48) and dismissal without prejudice of her Fifth Cause of Action for *respondeat superior* liability, no claims against him in his official capacity remain. Doc. 51.

In its Opinion and Order of May 8, 2019, the Court granted in part and denied in part the Motion to Dismiss filed by Defendants Mayes County Sheriff Mike Reed, Mayes County

Undersheriff Gary Shrum, Mayes County Jail Administrator Kyler Murry and Sheriff's Deputy Jennifer Eastwood. Doc. 47. Specifically, the Court:

- dismissed all claims against Defendants Shrum and Murray in their "official" capacity;

- denied the motion to dismiss the First Cause of Action against Defendants Reed, Shrum and Murry to the extent it alleged liability for failure to intervene in the alleged beating of plaintiff by Defendant Eastwood;

- granted the motion to dismiss the Second Cause of Action against Defendants Reed, Shrum, Murry and Eastwood for alleged negligence, assault and battery;

- granted the motion to dismiss the Third Cause of Action for supervisory liability against Defendants Reed, Shrum and Murry;

- granted the motion to dismiss the Fourth Cause of Action for OGTCA/negligence/*respondeat superior* liability against the Mayes County and the Sheriff Department; and

- granted the motion to dismiss the Fifth Cause of Action against the Sheriff Department.

*Id.* at 13.

Subsequently, the parties filed a Stipulation of Dismissal Without Prejudice dismissing all claims against Defendants Reed, Shrum and Kyle Murry in their individual capacities and a Stipulation of Dismissal Without Prejudice of the Fifth Cause of Actions against Mayes County and the Sheriff Department pursuant to Okla. Const. Art. 2, § 30, for the actions of deputy sheriffs Reed, Shrum, Murry, Eastwood, Davis and John Does 1-8. Docs. 48-49.

Plaintiff now claims that an official capacity *Monell* claim still survives against Defendant Reed. However, although the caption of the Complaint named Reed "officially and individually,"

the Complaint did not plead a *Monell* claim against Reed in his official capacity, and no claims remain against him in his individual capacity.[1]

Accordingly, Plaintiff's Motion for Default Judgment against Sheriff Mike Reed (Doc. 50) is denied.

ENTERED this 22nd day of July, 2019.

_____
TERENCE C. KERN
United States District Judge

---

[1] Moreover, even if a claim against Reed in his official capacity remained, default judgments are generally disfavored. *See Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442 (10th Cir. 1983) ("We do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays or other procedural error) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (internal quotations omitted).